UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Court No. 13-00326 |
| EAT IT CORP. and JJ MARTIN GROUP LLC, | : |
| Defendants. | : |

## COMPLAINT

Pursuant to the Rules of this Court, the United States of America, plaintiff, alleges as follows:

1.  This action is brought by the United States of America, on behalf of the United States Department of Homeland Security, United States Customs and Border Protection (CBP), to recover unpaid anti-dumping duties in the principal amount of $861,498.46, plus pre- and post-judgment interest, including but not limited to interest pursuant to 19 U.S.C. § 1505.

2.  This Court has jurisdiction over this matter under 28 U.S.C. § 1582(3).

3.  Defendant Eat It Corp. is a corporation incorporated under the laws of the State of New York, which, according to the New York State Department of State, Division of Corporations database, conducts business at 4002 2nd Avenue, Brooklyn, New York 11232-2710.

4.  Defendant JJ Martin Group LLC (JJMG) is a New York Domestic Limited Liability Company, which, upon information and belief, also conducts business at 4002 2nd Avenue, Brooklyn, New York 11232-2710, although its registered address with the New York State Department of State is 491 Bard Avenue – 2nd Floor, Staten Island, New York 10310.

5.  Defendant Eat It Corp. was an importer and distributor of specialty food and drink products, including a product line that included Salutti Brand, Aloevine-Flavored Aloe Drinks,

Ra Ramen, and Ei/Eat It Jellies.  Eat It Corp. stopped importing goods into the United States in May 2010.

6.	The sole shareholder of Eat It Corp., John Ra, formed JJMG on October 7, 2009. JJMG is an importer and distributor of specialty food and drink products, including a product line that includes, or has included, Salutti Brand, Aloevine-Flavored Aloe Drinks, Ra Ramen, and Ei/Eat It Jellies.

7.	On November 16, 1994, the Department of Commerce (Commerce) published an anti-dumping duty order, No. A-570-831, on fresh garlic from China.  *See* 59 Fed. Reg. 59209. Commerce directed CBP "to assess antidumping duties equal to the amount by which the foreign market value of the merchandise exceeds the United State[s] price for entries of fresh garlic from [China]."

8.	From December 2006 through April 2007, Eat It Corp. made 7 (seven) entries of fresh garlic from Shandong Chengshun Farm Produce Trading Co., Ltd. in the People's Republic of China through the ports of Newark and New York (hereinafter, Garlic Entries).  Copies of the entry summaries for the Garlic Entries are attached as Exhibit A.

9.	The Garlic Entries were secured by a $50,000 continuous bond, effective May 27, 2004.

10.	The Garlic Entries fell within the May 27, 2006 to May 26, 2007 annual period.

11.	Shortly after the dates of entry, liquidation of the Garlic Entries was suspended pending receipt of instructions from Commerce.

12.	On June 19, 2009, Commerce published the final results of its administrative review covering entries of fresh garlic from China for the period of November 1, 2006 through October 31, 2007.  *See* 74 Fed. Reg. 29174.  In its final results, Commerce determined that a

376.67 percent margin existed on fresh garlic from Shandong Chengshun Farm Produce Trading Co., Ltd.

13. On July 16, 2009, Commerce issued Message No. 9197212, which instructed CBP to liquidate entries of fresh garlic from Shandong Chengshun Farm Produce Trading Co., Ltd. made between November 1, 2006 and October 31, 2007, with an anti-dumping duty assessment of $4.71 per kg.

14. On September 18, 2009, CBP liquidated the Garlic Entries in accordance with Commerce instructions and billed Eat It Corp. The principal amount owed at liquidation for the Garlic Entries was $907,530.60.

15. Eat It Corp. did not protest the liquidation of the Garlic Entries.

16. On or about March 23, 2010, CBP demanded payment of the past-due bills from Eat It Corp, which as of that date totaled $925,609.29 ($907,530.60 in principal plus interest). A copy of CBP's demand is attached as Exhibit B.

17. On or about July 6, 2010, Eat It Corp.'s surety paid CBP $50,000.00 to be applied to Bill No. 45386536 ($46,032.14 towards the principal, $3,967.86 towards interest). The payment exhausted the surety's liability for the annual period at issue. The remaining principal balance on Bill No. 45386536 was $86,100.22, bringing the total principal balance on all seven (7) outstanding bills to $861,498.46.

18. On or about October 25, 2010, CBP demanded payment from Eat It Corp. of $896,494.95 for the seven (7) outstanding bills to be paid within 30 days.

19. To date, Eat It Corp. has not tendered payment on any of the seven (7) outstanding bills covering the Garlic Entries.

20.     Under New York law, JJMG is liable for Eat It Corp.'s outstanding obligations arising from liquidation of the Garlic Entries as Eat It Corp.'s successor under the *de facto* merger doctrine of successor liability. *See New York v. Nat'l Serv. Indust., Inc.*, 460 F.3d 201, 209 (2nd Cir. 2006); *see also United States v. KAB Trade Co.*, 21 CIT 297, 300-301 (1997); *United States v. Ataka Am., Inc.*, 17 CIT 598, 600-601 (1993).

21.     Upon information and belief, John Ra holds an ownership interest in JJMG, such that continuity of ownership exists.

22.     Upon information and belief, JJMG currently imports and markets the product lines that Eat It Corp. once sold. Upon information and belief, Eat It Corp. has ceased to operate for its own profit.

23.     For an unknown period of time, JJMG redirected Eat It Corp.'s commercial internet traffic to its own website, and used the same descriptions that appeared on Eat It Corp.'s website to describe itself as "[a] pioneer of delicious and healthy aloe vera drinks and the creator of the number one brand 'Salutti.'"

24.     Upon information and belief, JJMG assumed liabilities ordinarily necessary for the uninterrupted continuation of Eat It Corp.'s business.

25.     Upon information and belief, JJMG employs the same management, personnel, assets (*e.g.*, trademarks, product lines), and general business operation as Eat It Corp., and shares its physical location with Eat It Corp.

WHEREFORE, the United States respectfully requests this Court to enter judgment in its favor and against defendants as follows:

a. For the United States, and against defendants Eat It Corp. and JJMG, jointly and severally, in the principal amount of $861,498.46, plus pre- and post-judgment interest, costs, and attorney's fees; and

b. For such other and further relief as this court deems just and proper.

        Respectfully submitted,

        STUART F. DELERY
        Assistant Attorney General

By:   /s/
        AMY M. RUBIN
        Acting Assistant Director
        International Trade Field Office

        /s/
        ALEXANDER VANDERWEIDE
        Civil Division, Dept. of Justice
        Commercial Litigation Branch
        26 Federal Plaza, Room 346
        New York, New York  10278
        Attorneys for Plaintiff
        Tel. No. (212) 264-0482

Dated: September 9, 2013